Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North
Suite 400
San Diego, CA 92108
+1 310-997-0471
nick@wajdalawgroup.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY J. TYLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAPIO PARTNERS, LLC,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br>**1. FAIR DEBT COLLECTION PRACTICES ACT,**<br>**2. REGULATION F**<br>**3. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT.** |

**NOW COMES** GARY J. TYLER ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, CAPIO PARTNERS, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 USC §1692 *et. seq.*, Regulation F ("REG F") pursuant to 12 CFR 1006 *et seq.,* and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

## JURISDICTION AND VENUE

1

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California, Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Oroville, California.

5. Defendant is a third-party debt collector who regularly attempts to collect debts from consumers originally owed to third parties. Defendant organized under the laws of the state of Georgia and maintains its principal place of business at 1745 N Brown Rd #450, Lawrenceville, Georgia 30043. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

7. Prior to the events giving rise to this action, Plaintiff has been experiencing several inaccuracies on his consumer credit reports due to a mixed file regarding a third party who shares the same first name, last name, and resides in the same town, Oroville, California.

8. Subsequently, after discovering mixed files reporting to his credit reports Plaintiff placed a security freeze on his Lexis Nexis report in order to resolve any inaccurate reporting.

9. Shortly thereafter, Plaintiff hired United Credit Education Services to dispute any inaccurate reporting.

10. On or around March 2021, Defendant began collecting for an Adventist Health medical debt for $5,761 not owed by Plaintiff ("subject debt").

11. It was also around this time that Defendant began reporting the alleged subject debt to Plaintiff's TransUnion credit report inaccurately.

12. Specifically, Defendant was erroneously reporting that the alleged subject debt belonged to Plaintiff, that it's in collections, with a past due balance of $5,761.

13. Plaintiff was confused by Defendant's false reporting as the alleged subject debt did not belong to him.

14. On or around March 2021, United Credit Education Services sent a dispute letter on Plaintiff's behalf to TransUnion where an investigation into the alleged subject debt was concluded.

15. Upon information and belief, Defendant received notice of Plaintiff's dispute to TransUnion, through

16. On or around May 20, 2021 TransUnion's investigation resulted in Defendant claiming that the alleged subject debt was accurately reporting.

17. Moreover, Defendant began placing numerous unsolicited telephone calls to Plaintiff attempting to collect the alleged subject debt despite Plaintiff not owing anything to Defendant as it was attempting to collect a debt not owed.

18. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the alleged subject debt, even though he knew he was not legally obligated to pay.

19. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

20. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## DAMAGES

21. As of today, the erroneous reporting of the alleged debt continues to paint a false and damaging image of Plaintiff.

22. Defendant's reckless indifference relating to the inaccurate reporting of the subject debt has frustrated Plaintiff's ability to control his credit report and his ability to benefit from the credit history he has built over the years.

23. As a result of Defendant's conduct, Plaintiff has suffered various types of damages as set forth herein, including humiliation, denial of credit, the loss of credit opportunity, time expended monitoring his credit files, mental anguish, emotional distress, and costs associated with obtaining his credit reports from all three credit bureaus.

24. Due to Defendant's unethical collection efforts and reporting, Plaintiff was forced to retain counsel to correct Defendant's errors.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692 et. seq.)

25. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

29. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

30. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant violated 15 U.S.C. §1692e, e(2), e(8), e(10) and f through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692e**

32. Pursuant to 15 U.S.C. §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

33. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged subject debt. Defendant falsely reported a debt not owed on Plaintiff's credit report, thereby creating a false representation of Plaintiff's credit worthiness.

34. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known, or which should be known to be false."

35. Defendant violated §1692e(8) when it falsely reported a debt not owed on Plaintiff's TransUnion credit file. Defendant knew or should have known that the information it reported to the credit consumer agency was false as it did not belong to the correct Gary Tyler.

36. Defendant violated §1692e(10) by using false, deceptive, and misleading representations in connection to collection of the alleged subject debt. In order to secure payments of the subject

5

account, Defendant falsely misrepresented Plaintiff's legal obligation to pay the alleged subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt not owed.

**b. Violations of FDCPA § 1692f**

38. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged subject debt. The alleged subject debt was not owed at the time Defendant demanded payment, but Defendant demanded Plaintiff make a payment on subject debt even though it is not his account.

39. In addition, Defendant violated §1692f reporting a debt not owed on Plaintiff's credit reports. This conduct was unfair and unconscionable because it created a false and damaging portrayal of Plaintiff's credit history.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on debts not owed at the time it made demands for payment.

**WHEREFORE**, Plaintiff, GARY J. TYLER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendants from continuing to credit report the alleged subject debt and enjoin Defendant from further contacting Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**COUNT II - VIOLATIONS OF REGULATION F**
*(12 CFR 1600 et seq.)*

41. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

42. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

43. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

      **a. Violations of Regulation F §1006.18**

44. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

45. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

46. Defendant violated §1006.18(b)(2) by misrepresenting Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

47. Defendant's deceptive and misleading behavior harmed Plaintiff and stripped him of his rights under the FDCPA and Regulation F.

48. As alleged above, Plaintiff was harmed by Defendant's inaccurate and materially misleading reporting of the alleged subject debt.

**WHEREFORE**, Plaintiff, GARY J. TYLER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff restates and realleges paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

51. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

52. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

    a.    **Violations of RFDCPA §1788.17**

53. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

54. As outlined above, through its conduct in attempting to collection upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, e(2), e(10) and f of the FDCPA. Therefore, Defendant engaged in noncompliant conduct in its attempts to collect a debt not owed from Plaintiff, in violation of the RFDCPA.

55. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendants' willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

56. As alleged above, Plaintiff was harmed by Defendant's inaccurate and materially misleading reporting of the alleged subject debt.

**WHEREFORE**, Plaintiff GARY J. TYLER respectfully requests that this Court:
    a.    Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b.    Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    c.    Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    d.    Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    e.    Award any other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 28, 2022                                        Respectfully Submitted,

                                                                                                   By: */s/ Nicholas M. Wajda*

                                                                                                   Nicholas M. Wajda (Cal. Bar No. 259178)
                                                                                                   WAJDA LAW GROUP, APC
                                                                                                   3111 Camino Del Rio North
                                                                                                   Suite 400
                                                                                                   San Diego, CA 92108
                                                                                                   +1 310-997-0471
                                                                                                   nick@wajdalawgroup.com
                                                                                                   *Counsel for Plaintiff*